Filed 9/4/25  P. v. Martinez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C101594 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR94499) |
| v. | |
| HUMBERTO MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Humberto Martinez contends the court abused its discretion in denying his petition for recall and resentencing under Penal Code section 1172.1.[1]  We conclude the order at issue is not an appealable order and so dismiss this appeal.

---

[1]    Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Martinez's convictions are not relevant to the disposition of the instant appeal. Thus, we dispense with a detailed account of the facts and summarize the facts as relayed by our previous nonpublished opinion on direct appeal in *People v. Martinez* (C083376, Dec. 7, 2017).

Martinez admitted that, in 2015, he fired his gun several times at a victim riding his bicycle. The victim was taken to an emergency room where he was treated for a gunshot wound to his right leg and a graze on his finger. A jury found Martinez guilty of assault with a firearm (§ 245, subd. (a)(2)) and sustained allegations of personal use of a firearm and infliction of great bodily injury (§§ 12022.5 subds. (a), (d), 12022.7, subd. (a)). Martinez also admitted an on-bail enhancement. The court sentenced Martinez to state prison for an aggregate term of 19 years, which comprised of four years (upper term) on the assault, plus 10 years for the gun enhancement, plus three years for the bodily injury enhancement, plus two years for the bail enhancement.

On May 3, 2024, Martinez filed a petition for recall and resentencing pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill 600) and section 1172.1. In the petition, Martinez also stated that he sought resentencing because of changes made to sections 12022.5 and 12022.53 and cited Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill 620) (Stats. 2017, ch. 682, §§ 1, 2, eff. Jan. 1, 2018).[2] He indicated that he had no violence in prison and had received diplomas related to continuing education.

On May 30, 2024, the trial court denied the petition for recall and resentencing. The trial court concluded that Martinez's sentence did not include an enhancement under

---

[2] "Effective January 1, 2018, Senate Bill [620] gave trial courts previously unavailable discretion to strike or dismiss firearm enhancements otherwise required to be imposed by . . . sections 12022.5 and 12022.53." (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 337.)

section 12022.53 and therefore Senate Bill 620 was inapplicable. The trial court also stated that section 1172.1 did not provide a basis for relief because more than 120 days had lapsed since sentencing and no authorized agency sought relief.

Martinez appealed.

DISCUSSION

Martinez contends that the trial court erred in finding it had no jurisdiction to recall Martinez's sentence because, pursuant to section 1172.1, it had the authority to do so on its own motion at any time. The People assert the court's order denying Martinez's request is not appealable. They contend that because the Legislature, through the express language of section 1172.1, subdivision (c), declined to grant any cognizable right to resentencing upon request of a defendant, the denial of such an invitation is not an order after judgment affecting a substantial right under section 1237, subdivision (b). We agree with the People and thus dismiss the appeal.

The general rule is that where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) There are limited exceptions to this general rule. For instance, the superior court retains jurisdiction to resentence a defendant where "specific statutory avenues" authorize defendants to seek resentencing. (*People v. King* (2022) 77 Cal.App.5th 629, 637.) Thus, to obtain resentencing on a final judgment, a defendant must proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75) or file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides such a statutory procedure and authorizes a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation (the Secretary) or the

prosecutor recommends resentencing.  (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.)  Assembly Bill 600 recently amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)  Accordingly, effective January 1, 2024, section 1172.1, subdivision (a) provides the court may, "on its own motion, . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1, subdivision (c) expressly states, however, "A defendant is not entitled to file a petition seeking relief from the court under this section."  Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)  Thus, such an " 'unauthorized request for resentencing has no *right* to a ruling.' "  (*People v. Roy* (2025) 110 Cal.App.5th 991, 998, quoting *People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable.  Section 1237, subdivision (b), "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' "  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)  Several courts have interpreted the provision in section 1172.1, subdivision (c) that states a court need not respond to a defendant's request for resentencing to mean that a defendant does not have a substantial right at stake when they request recall and resentencing.  (*People v. Hodge, supra*, 107 Cal.App.5th at p. 996; accord, *People v. Roy, supra*, 110 Cal.App.5th at pp. 998-999; *People v. Faustinos* (2025)

4

109 Cal.App.5th 687, 696.) As *Hodge* explained: "That sentence excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge*, at p. 996; see also *Roy*, at p. 998.) *Hodge* further explained that a contrary conclusion would result in an arbitrary rule where, if a trial court does not respond to a defendant's request for recall and resentencing, there would be no order to appeal, but if the court informs a defendant that it will take no action on the request, the defendant would be able to appeal that decision. (*Hodge*, at p. 996.) The court in *Hodge* found "such an irrational and arbitrary result" seemed unlikely to have been intended by the Legislature. (*Ibid*.)

Martinez acknowledges that he was not entitled to file a motion for resentencing pursuant to section 1172.1, nor was he entitled to a response on such a request. He contends, however, that an order denying his request for relief under section 1172.1 was appealable pursuant to *People v. Loper* (2015) 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367. We disagree.

In *Loper*, the trial court denied the Secretary's request to recall the defendant's sentence based on its recommendation pursuant to section 1170, subdivision (e) that he be granted compassionate release for medical reasons. (*People v. Loper, supra*, 60 Cal.4th at pp. 1158-1159.) The defendant appealed and the Court of Appeal dismissed the matter, concluding that "because 'a defendant has no right to apply to the court for an order recalling the sentence on compassionate release grounds,' his 'substantial rights are not affected by the trial court's order denying recall of his sentence.' " (*Id*. at p. 1161.) Our Supreme Court disagreed and concluded that, although the statutory scheme did not

5

authorize a defendant to initiate compassionate release proceedings, the trial court's denial of the Secretary's recommendation was appealable. (*Id*. at pp. 1158, 1161.) The court explained: "[S]ection 1237, subdivision (b) is not tied to standing or the identity of the moving party. Instead, it permits a party to appeal '*any* order' (italics added) made after judgment if it affects that party's 'substantial rights.' " (*Id*. at p. 1162.) "Here the plain meaning of section 1237's use of the phrase 'any order' shows the Legislature did not intend to limit appealability to parties who had standing to bring the original motion." (*Ibid*.)

A denial of a defendant-initiated request for relief under section 1172.1 is not appealable merely because a defendant is not statutorily empowered to request relief. Indeed, such a conclusion would likely run afoul of *Loper*. (See *People v. Roy, supra*, 110 Cal.App.5th at p. 994 [concluding that *Loper* prevents a court from deeming an order under prior versions of § 1172.1 not appealable based on a defendant's lack of standing to initiate the recall].) Rather, because a defendant has no right to expect any response from the trial court, no substantial right is at stake. Unlike statutory schemes that require action from the trial court in response to a motion for relief, section 1172.1, subdivision (c) expressly relieves the trial court from any such obligation. (Cf., e.g., former § 1170, subd. (e)(3) [compassionate release statute at issue in *Loper* required that, within 10 days of receiving a recommendation, "the court shall hold a hearing to consider whether the prisoner's sentence should be recalled"].) Here, the petition filed by Martinez merely invited the court to consider whether it wished to exercise its discretion under section 1172.1. (*Roy*, at pp. 999-1000.) Yet, because Martinez had no right to make a request for relief under section 1172.1 and, critically, the trial court had no obligation to respond to such, a trial court order denying or dismissing a defendant-initiated request under section 1172.1 did not affect his substantial rights under section 1237, subdivision (b) and is not appealable. (See *Roy*, at p. 994.)

Urging a contrary conclusion, Martinez cites to our Supreme Court's decision in *People v. Carmony, supra*, 33 Cal.4th 367. There, the trial court denied the defendant's motion to dismiss his prior strikes under section 1385 pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. (*Carmony*, at p. 371.) Our Supreme Court granted review to resolve a split in the Courts of Appeal regarding the standard of review for the denial of a *Romero* motion. (*Id*. at p. 374.) The court rejected the notion that only limited appellate review was available because section 1385 does not confer a right to request relief nor an obligation to rule on such a request. The *Carmony* court reasoned: "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' " (*Id*. at p. 375.)

In *Roy*, a different panel of this court found that *Carmony* did not alter its conclusion that a defendant-initiated request for relief under section 1172.1 is not appealable. (*People v. Roy, supra*, 110 Cal.App.5th at p. 1000.) We agree with the reasoning as stated in *Roy*. In particular, *Carmony* did not concern appealability under the "substantial rights" provision of section 1237, subdivision (b) but was instead an appeal from a final judgment of conviction in which our Supreme Court addressed the standard of review for the denial of a prejudgment sentencing motion. Moreover, although a *Romero* motion is superficially like a defendant's invitation for the court to exercise its discretion under section 1172.1, it is the context in which a *Romero* motion arises that provides a meaningful distinction: at sentencing when the trial court exercises its discretion by imposing judgment on the defendant. (*Roy*, at p. 1000; cf. *People v. Hodge, supra*, 107 Cal.App.5th at p. 998 [if orders denying defendant-initiated requests for relief under § 1172.1 were appealable "there would be nothing for this court to review

7

on appeal" as "the trial court did not make a sentencing decision: It simply declined to reconsider a decision it had already made"].)

Nevertheless, Martinez contends that when a trial court chooses to issue a ruling on a defendant-initiated motion under section 1172.1, as it did here, the court may not deny relief based on a mistaken interpretation of law or a misunderstanding of its own discretion. He asserts the trial court did just that, when its denial was based on the belief that it had no authority to act due to the passage of more than 120 days, and/or the belief that Senate Bill 620 did not apply. We are not persuaded.

Even if the trial court's order could be construed as erroneously stating it lacked authority to resentence Martinez on its own motion, we cannot conclude this would convert the order into an appealable one. (See *People v. Faustinos, supra*, 109 Cal.App.5th at pp. 697-698.) Rather, because Martinez has no right to relief (i.e. the defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), an order denying such relief—regardless of the basis for the denial—cannot be said to affect his substantial rights. (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985; see generally *Teal v. Superior Court, supra*, 60 Cal.4th at p. 600 ["a postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].)[3] Because we conclude the order appealed is not appealable, the appeal must be dismissed.

---

[3] There is no dispute that Senate Bill 620 applies retroactively to cases in which the judgment was not yet final when those amendments went into effect. (*People v. Baltazar, supra*, 57 Cal.App.5th at p. 337.) To the extent Martinez believes he is entitled to sentencing relief pursuant to Senate Bill 620, our conclusion does not deprive him of the ability to pursue relief through a petition for writ of habeas corpus.

8

DISPOSITION

The appeal is dismissed.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
WISEMAN, J.*

---

\*        Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.